UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAIR COUNTY HOSPITAL DISTRICT | ) | CHAPTER 9 |
| | ) | |
| Debtor | ) | CASE NO. 13-10939 |
| | ) | |

**MOTION FOR APPROVAL OF DEBTOR'S REJECTION
OF AN EXECUTORY CONTRACT WITH
MED PLUS STAFFING**

✻ ✻ ✻   ✻ ✻ ✻   ✻ ✻ ✻

Comes the Debtor, Adair County Hospital District (**"Debtor"**), by counsel, and hereby moves the Court for entry of an order authorizing Debtor's rejection of an executory contract with Med Plus Staffing (**"Med Plus"**) In further support of this Motion, Debtor states as follows:

**Jurisdiction**

1. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction to hear this Motion. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O). The relief requested in this Motion is sough pursuant to 11 U.S.C. § 365(a), made applicable to Chapter 9 pursuant to 11 U.S.C. § 901(a).

**Background**

2. On July 31, 2013 (the **"Petition Date"**), Debtor filed with the Court its voluntary petition for relief under chapter 9 of the Bankruptcy Code.

3. The Debtor is the lessee of a hospital located in the city of Columbia, Kentucky on 901 Westlake Dr., Columbia, KY 42728 (the **"Hospital"**). The Hospital is licensed for 74 total beds, of which 25 are dedicated to behavioral health. The average daily census of the

Hospital is 8.38 patients. The Hospital was constructed in 1979 - 1980. The Hospital has 49 licensed acute beds, which includes the telemetry unit, 25 licensed behavioral health beds, 3 operating rooms, and 6 patient beds in the Trauma room with 2 triage rooms in the emergency area. The Debtor leases the Hospital from the Adair County Public Hospital District Corporation d/b/a Westlake Regional Hospital (the **"Corporation"**), a non-profit corporation incorporated December 30, 1976 by the Debtor. The Hospital provides general medical and surgical care in inpatient, outpatient, and emergency room service areas. The Hospital has 1 full time physician and 3 part-time physicians on active medical staff. The Debtor and the Corporation own and operate four rural health clinics: two in Columbia, Kentucky, one in Russell Springs, Kentucky, and one in Edmonton, Kentucky.

4. On May 18, 2011, the Debtor, under the assumed name Westlake Regional Hospital, executed a General Staffing Agreement (the **"Agreement"**) with Med Plus. A copy of the Agreement is attached hereto as Exhibit A. The Agreement provides that Med Plus would hire, screen, and assign registered nurses, licensed practical nurses, and certified nursing assistants to the Hospital at hourly rates between $18.60 per hour and $57.44 per hour.

5. While the Agreement provides it is with Westlake Regional Hospital, which is also an assumed name of the Corporation, the Debtor believes it is appropriate to classify the Agreement under the Debtor rather than the Corporation because it is a staffing contract, and the Debtor rather than the Corporation employs the caregivers at the Hospital. Consequentially, the Debtor believes it is appropriate to classify the Agreement, which provides for substitute nursing staff when the Debtor's employees are unavailable, as the Debtor's contract.

6. The Agreement is terminable with 24 hour written notice in the event either party seeks the protection of the bankruptcy court, and 30 days written notice otherwise. The Debtor does so elect and the service of this Motion shall constitute such written notice.

7. The Debtor believes that the cost of the Agreement is in excess of the market rate of the services Med Plus performs, and the Debtor may obtain qualified nursing staff at lower rates.

### **Relief Requested**

8. Pursuant to this Motion, Debtor seeks an Order of the Court approving its rejection of the Agreement as an executory contract between the Debtor and Med Plus.

9. The Debtor believes the fees charged by Med Plus are in excess of the market value of such services, and the Debtor may obtain qualified nursing staff at lower rates.

10. In the business judgment of the Debtor, the rejection of the Agreement is in the best interests of the Debtor, its creditors, and all other parties in interest, and should be approved. The Agreement is burdensome and has no residual value for the Debtor's continued operations.

WHEREFORE, Debtor respectfully requests that the Court enter an Order pursuant to Section 365 of the Bankruptcy Code authorizing the rejection of the General Staffing Agreement with Med Plus and for such other and further relief to which it may appear entitled.

A proposed Order is tendered herewith.

Respectfully submitted,

/s/ James E. McGhee III_____
DAVID M. CANTOR
JAMES E. McGHEE III
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on August 7, 2013, a true and correct copy of the foregoing Motion for Approval of Debtor's Rejection of an Executory Contract with Med Plus Staffing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) mailed, first-class, postage prepaid to the holders of secured claims and the Twenty Largest Unsecured Claims, (c) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served, and (d) mailed, first-class, postage prepaid, to:

MedPlus Staffing
3560 S. Hwy 27 Suite 4
Somerset KY  42501

Med/Plus Staffing
POB 1444
London KY  40743

Med Plus Staffing
286 Bogle St.
Suite #8
Somerset KY  42503

/s/ James E. McGhee III_____
JAMES E. McGHEE III

G:\doc\DMC\Westlake Regional Hospital\ADAIR COUNTY HOSPITAL DISTRICT\Pldgs - District\Mot Rej Contract (Medplus).doc