UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAIR COUNTY HOSPITAL DISTRICT | ) | CHAPTER 9 |
| | ) | |
| Debtor | ) | CASE NO. 13-10939 |
| | ) | |

## MOTION TO WAIVE APPOINTMENT OF A PATIENT CARE OMBUDSMAN

\*\*\*   \*\*\*   \*\*\*

Comes now the Debtor, Adair County Hospital District (the **"Debtor"**), by counsel, and moves the Court to enter an Order waiving the appointment of a patient care ombudsman.

### RELIEF REQUESTED

1.     Debtor qualifies as a "health care business" as defined in 11 U.S.C. § 101(27A). On July 31, 2013 (the **"Petition Date"**), the Debtor filed its voluntary petition for relief under chapter 9 of the Bankruptcy Code.

2.     Pursuant to 11 U.S.C. § 303(a)(1), in a case involving a health care business, the court shall order, not later than 30 days after the commencement of the case, an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business *unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case*.

3.     In determining the necessity of a patient care ombudsman, most federal courts have relied on a list of non-exclusive factors articulated in *In re Alternate Family Care*, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007). These factors include: 1) the cause of the bankruptcy; 2) the presence and role of licensing or supervising entities; 3) the debtor's past history of patient care; 4) the ability of the patients to protect their rights; 5) the level of dependency of the patients on the facility; 6) the likelihood of tension between the interests of the patients and the debtor; 7)

the potential injury to the patients if the debtor drastically reduced its level of patient care; 8) the presence and sufficiency of internal safeguards to ensure appropriate level of care; and 9) the impact of the cost of an ombudsman on the likelihood of successful reorganization.

4. Courts often relieve health care businesses of ombudsman appointment in cases in which there is no evidence that the debtor's bankruptcy was precipitated by allegations of deficient patient care or privacy concerns, and the health care business has sufficient internal controls and oversight to adequately protect patient interests. *In re Valley Health System*, 381 B.R. 756 (Bankr. C.D. Cal. 2008); *In re William L. Saber, M.D., P.C.*, 369 B.R. 631 (Bankr. D. Colo. 2007); *In Re Total Woman Healthcare Center, P.C.*, 2006 WL 3708164 (Bankr. M.D. Ga. 2006).

5. Debtor's reorganization was precipitated by the Debtor becoming unable to pay its long-term debt obligations in order to ensure the Debtor's resources provided quality care to its patients.

6. Debtor is committed to a comprehensive system of quality management and program development to further its mission of demonstrating improvement in the health status and well-being of the individuals and families its serves. The vehicle for this effort is based on the identification of critical areas and issues for the Debtor through review and monitoring of organizational performance with regard to:

- Its internal Patient Representative process;
- Joint Commission accreditation;
- Federal Centers for Medicare and Medicaid Services;
- Kentucky Department of Medicaid;
- State Licensing and Regulations;

Participation in and submission to such rigorous processes are aimed at meeting the highest standards of excellence, thereby resulting in continuous readiness for the next individual in need of services.

7. The Debtor has no past significant history of lawsuits or other indicia of inadequate patient care. There are no pending lawsuits related to patient care.

8. The Debtor generally received significantly better than average marks on its recent Centers for Medicare and Medicaid Services survey, attached hereto as Exhibit A.

9. Supervisors and managers of the Debtor are expected to respond to individual complaints and concerns in a timely and customer-focused manner. A patient representative follows up with every discharged patient regarding their experience and any concerns they have regarding the Debtor's operations.

10. All complaints are addressed in a standardized manner with resolution for the individual as the ultimate goal. Individuals who are not satisfied with the recommended resolution are provided with additional options for voicing their concerns such as the Joint Commission.

11. The Joint Commission's Office of Quality Monitoring receives complaints related to accredited and certified health care organizations. Complaints are evaluated in relation to Joint Commission standards and addressed accordingly. When Debtor receives a notice that a complaint has been received by the Joint Commission, an investigation and review occurs of the processes used to attempt to reach resolution. As warranted, additional improvement activities aimed at resolution and organizational performance are initiated.

12. Accreditation by the Joint Commission engages healthcare providers to go above and beyond to ensure safety and quality of care. Debtor's accreditation is achieved through meeting over 200 standards reviewed internally on an annual basis using tools provided by the Joint Commission and passing a triennial onsite survey conducted by external Joint Commission surveyors. The Debtor has been Joint Commission accredited since 2006, and its most recent survey was April 9, 2013.

13. In addition, programs are subject to an annual internal audit based upon regulations from the Federal Centers for Medicare and Medicaid Services, the Kentucky Department of Medicaid and State Licensing and Regulatory bodies.

14. Given the facts of this case, a patient care ombudsman would represent an unnecessary additional administrative expense. The Court therefore should waive the requirement of an ombudsman.

WHEREFORE, Debtor, by counsel, prays this Court issue and order waiving and dispensing with the appointment of a patient care ombudsman pursuant to 11 U.S.C. § 303(a)(1).

A proposed Order is provided herewith.

Respectfully submitted,

/s/ James E. McGhee III
DAVID M. CANTOR
JAMES E. McGHEE III
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: mcghee@derbycitylaw.com
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on August 9, 2013, a true and correct copy of the foregoing Motion to Waive Appointment of a Patient Care Ombudsman was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served, and (c) mailed, first-class, postage prepaid, to the Debtor's secured creditors and 20 Largest Unsecured Creditors.

/s/ James E. McGhee III
JAMES E. McGHEE III