UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAIR COUNTY HOSPITAL DISTRICT | ) | CHAPTER 9 |
| | ) | |
| Debtor | ) | CASE NO. 13-10939 |
| | ) | |

**ORDER GRANTING DEBTOR'S MOTION FOR
AN ORDER (A) SETTING A BAR DATE FOR FILING PROOFS OF
CLAIM; AND (B) APPROVING FORM OF NOTICE OF BAR DATE**

✳ ✳ ✳   ✳ ✳ ✳   ✳ ✳ ✳

Upon the Motion of Adair County Hospital District (the **"Debtor"**) for an Order (a) Setting a Bar Date for Filing Proofs of Claim; and (b) Approving Form of Notice of Bar Date (the **"Bar Date Motion"**); the Court having determined that the setting of a final date for filing claims against the Debtor arising before July 31, 2013 (the **"Petition Date"**) except those as outlined in the Notice of Claims Bar Date is in the best interests of the Debtor and all parties in interest; the Debtor having filed its schedules of liabilities and executory contracts (collectively, and as amended, the **"Schedules"**); and in consideration thereof, the Court, hereby finds and orders as follows:

    1.    The Debtor has given due and sufficient notice of the Bar Date Motion.

    2.    The Bar Date Motion is SUSTAINED.

    3.    All entities holding or wishing to assert claims against the Debtor in the above-captioned case must file a proof of claim and proper supporting documentation with the Clerk of the Bankruptcy Court and serve upon counsel for the Debtor on or before 5:00 p.m. on October

1

29, 2013 (the **"Bar Date"**). The requirement to file a proof of claim applies to all persons who seek to assert any claim against the Debtor, except that claims in the following categories need not be filed by that date: (a) claims scheduled by the Debtor, other than those claims scheduled as unliquidated, contingent, or disputed, or which the creditor believes to be scheduled in an incorrect amount; (b) claims against the Debtor for fees and expenses incurred by professionals retained in this case; and (c) claims for which a proof of claim has been previously filed with the Court.

4. Creditors who already have a claim filed of record need not file another claim.

5. Any person or entity that asserts a claim against the Debtor's estate but does not file a proof of claim on or before the Bar Date, and is not excepted from filing pursuant to Paragraph 3 of this Order, (a) shall be forever barred from participating in any distributions from the Debtor's estate under a plan of adjustment, (b) shall be barred from voting with respect to any plan filed in this case, and (c) shall not receive any further mailings of notices or other materials in the Debtor's chapter 9 case regardless of whether such party is identified in Debtor's Schedules.

6. Holders of pre-petition claims against the Debtor's estate are ordered and directed to submit their proof of claim on a form in substantial conformity with Official Form 10 (the **"Claim Form"**) and in compliance with all applicable Federal Rules of Bankruptcy Procedure.

8. The Notice of Claims Bar Date (the **"Notice"**) attached as Exhibit A to the Bar Date Motion is approved.

9.       The Debtor shall serve copies of the Notice and the Claim Form on all creditors and other parties in interest in this bankruptcy case by United States first-class mail within five (5) business days of entry of this Order.

*Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge

Dated:  August 28, 2013

David M. Cantor
James E. McGhee III
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400

G:\doc\DMC\Westlake Regional Hospital\ADAIR COUNTY HOSPITAL DISTRICT\Pldgs - District\Motion to Set Bar Date - Order.doc