IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ADAIR COUNTY HOSPITAL DISTRICT, ) | Chapter 9 |
| ) | |
| Debtor. ) | Case No.: 13-10939 |
| ) | |

**APPLICATION OF COMMITTEE OF UNSECURED CREDITORS TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS ITS COUNSEL EFFECTIVE OCTOBER 23, 2013**

The Committee of Unsecured Creditors in the above-titled case (the "Committee") hereby files this application (the "Application") to employ as its counsel Pachulski Stang Ziehl & Jones LLP (the "Firm"), whose business offices are located at 10100 Santa Monica Boulevard, Suite 1300, Los Angeles, California 90067; 150 California Street, 15th Floor, San Francisco, California, 90067; 919 North Market Street, 17th Floor, Wilmington, Delaware 19899; and 788 Third Avenue, 36th Floor, New York, NY, 10017.  This Application is brought pursuant to section 1103 of title 11 of the United States Code,[1] made applicable to this case by section 901(a) of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure.  In support of the Application, the Committee respectfully represents as follows:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and application in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On July 31, 2013, the Debtor filed a voluntary petition for relief under Chapter 9 of the Bankruptcy Code (the "Case").

3. On October 23, 2013, the United States Trustee appointed the Committee in the Case pursuant to section 1102(a)(1) (made applicable to the Case by section 901(a)).  The

---

[1] All subsequent references to "section" herein are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), unless otherwise noted.  All subsequent references to the "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure.

members of the Committee are: (1) Spectrum Health Partners; (2) Nextgen, Inc.; and (3) Inspire Medical Group. The Committee has selected the Firm to be its general bankruptcy counsel in the case.

4.  The Committee desires to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. Moreover, the Firm has developed a national healthcare insolvency specialty practice, representing a variety of restructuring participants, including debtors, governmental and private creditors, trustees, examiners, creditors' committees, patient care ombudsmen, asset acquirers and sellers, both within the contexts of court proceedings (such as chapter 11 or chapter 9 bankruptcy cases) and out-of-court restructurings and workouts. The Firm's depth of experience in bankruptcy cases makes it uniquely qualified to represent the Committee.

5.  The Firm has represented the debtor, trustee or ombudsman in bankruptcy cases in the healthcare industry such as *In re Triad Healthcare; In re San Fernando (Mission) Community Hospital; In re Santa Paula Memorial Hospital; In re Upland Surgical; In re Health Plan of the Redwoods; In re Victor Valley Community Hospital; In re Renaissance Surgical Arts at Newport Beach; In re Gordian Medical, dba American Medical Technologies* and *In re S&B Surgery Center*.

6.  Moreover, the Firm has represented creditors' committees in healthcare industry cases such as *In re Pleasant Care Corporation; In re Mariner Post-Acute Network; In re Associated Physicians of St. Johns; In re Functional Restoration Medical Centers, Inc., In re San Diego Hospice & Palliative Care Corporation, In re Nevada Cancer Institute,* and *In re Hawaii Medical Center*.

7.  Additionally, the Firm has represented various health plans as creditors in *In re FPA Medical Management* and *In re MedPartners Provider Network*, and a healthcare REIT in numerous health care cases, including *In re Sun Healthcare Group*. The Firm's depth of experience in bankruptcy makes it particularly qualified to represent the Committee. Therefore, the Committee believes that the Firm's retention is in the best interest of the estate. More

2

information about the Firm generally, its expertise as counsel to debtors and creditors' committees and its expertise with healthcare industry entities and chapter 9 cases, is available on its website at www.pszjlaw.com.

8. The Firm has represented the creditors' committee in three chapter 9 bankruptcy cases of health care districts, *In re Valley Health System, In re Contra Costa Health Care District* and *In re Palm Drive Healthcare District*. The Firm also participated in the municipal restructurings of the County of Orange and Hefferman Memorial Hospital District and currently represents the debtor in the chapter 9 case of the Mendocino Coast Health Care District.

9. The Firm's services are necessary to enable the Committee to execute its duties. Subject to further order of this Court, the Firm is expected to render the following services, among others, to the Committee:

(a) assist, advise and represent the Committee in its consultation with the Debtor regarding the administration of this case;

(b) assist, advise and represent the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

(c) assist, advise and represent the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

(d) assist, advise and represent the Committee in investigating the acts, conduct, assets, liabilities and the Debtor's financial condition, business operations and the desirability of the continuance of any portion of the business, and any other matters relevant to these cases or to the formulation of a plan;

(e) assist, advise and represent the Committee in its participation in the negotiation, formulation and drafting of a plan of reorganization;

(f) assist, advise and represent the Committee in the performance of all of its duties and powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the interests of those represented by the committee;

(g) assist, advise and represent the Committee in the evaluation of claims and on any litigation matters; and

(h) assist, advise and represent the Committee regarding such other matters and issues as may be necessary or requested by the Committee.

10. To the best of the Committee's knowledge, and based upon the Declaration of Samuel R. Maizel, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Declaration.

11. Except as provided in the Declaration, to the best of the Committee's knowledge, neither the Firm, nor any of its attorneys, represent any interest adverse to that of the Committee in the matters on which they are to be retained, and the Firm's attorneys are disinterested persons under section 101(14) of the Bankruptcy Code.

12. The attorneys currently expected to be principally responsible for this matter and their respective hourly rates are as follows: Samuel Maizel ($775), Henry Kevane ($850) and Teddy M. Kapur ($525). The current hourly rate of Felice Harrison, the primary paralegal likely to work on this case is $295.00.

13. The Firm has, however, agreed with the Committee to make the following adjustments to its compensation for services rendered and expenses incurred in this matter. The Firm will not seek compensation for services related to non-working travel time between California and Nashville, Tennessee or Louisville, Kentucky, as the case may be, nor reimbursement for expenses related to such travel. Travel to and from Nashville or Louisville to other locations such as the Bankruptcy Court would remain compensable and reimbursable.

14. The Firm has agreed not to seek compensation for services rendered which exceed the lesser of (a) the actual charges on such statement based on our Firm's hourly rates plus the

4

Firm's expenses, or (b) the total attorney and paralegal hours reflected on such statement multiplied by an hourly rate of $550.00, plus the Firm's expenses.

15. As referenced above, Mr. Maizel is one of the attorneys who will be principally involved in this Case. He has served as lead debtor's counsel in the chapter 11 bankruptcy cases of Victor Valley Community Hospital, Gordian Medical, Inc., S&B Surgical Center, and Health Plan of the Redwoods, among others. He has served as lead counsel to creditors' committees in the bankruptcy cases of San Diego Hospice, Hawaii Medical Center (both chapter 11 cases), and Valley Health System (chapter 9 case), among others. He has also served as counsel to buyers of healthcare assets from bankruptcy cases, as a Patient Care Ombudsman and Consumer Privacy Ombudsman in healthcare bankruptcy cases, and as special counsel in healthcare bankruptcy counsel. He is a nationally known speaker on bankruptcy and healthcare industry related issues and has spoken at more than 150 programs including presentations for the American Medical Association, the American Health Lawyers Association, the Healthcare Finance Management Association, as well as other local, regional, state, and national associations. He is frequently published, including articles in books, law reviews, and legal magazines related to issues arising in the bankruptcy of healthcare businesses, as well as a book on bankruptcy appeals. He previously Chaired the American Bar Association's Working Group on Healthcare Related Bankruptcy Issues (1999-2002) and served as co-chair of the American Bankruptcy Institute's Health Care Insolvency Committee (2003-2007), and is a Contributing Editor to Collier on Bankruptcy and The Health Law News (a publication of the California Society of Health Law Attorneys) on healthcare business bankruptcy issues.

16. Mr. Kevane, another attorney who will be involved in this case, is experienced in Chapter 9 cases and was profiled by the Daily Journal in 2011 as being one of the top 25 municipal lawyers in California for his work on Chapter 9 cases. Mr. Kevane is the author of numerous articles on Chapter 9 cases, including the recent publications *Bond Insurers Become Active Participants in Chapter 9s*; *Deploying the "PrePackaged" Plan of Adjustment in Chapter 9; and Chapter 9 Municipal Bankruptcy-The New "New Thing"?*. Mr. Kevane has spoken at

various conferences regarding municipal bankruptcies. Currently, he is counsel to the Mendocino Coast Health Care District in its Chapter 9 case pending in the Northern District of California.

17. Mr. Kapur, another attorney who will be involved in this case, is experienced in healthcare bankruptcy cases and creditors' committee representations. He has served as debtor's counsel in the chapter 11 bankruptcy cases of Victor Valley Community Hospital, Gordian Medical, Inc., and S&B Surgical Center. And he has served as counsel to creditors' committees in the bankruptcy cases of the San Diego Hospice and Hawaii Medical Center (both chapter 11 cases), among others. In 2013, *The M&A Advisor* awarded Mr. Kapur the "40 Under 40 Recognition Award," *The Recorder* named Teddy as one of fifty California "Lawyers on the Fast Track," and the Southern California edition of *Super Lawyers* selected him as a "Rising Star." The biographies of each professional at the Firm who will be principally involved in the Case are attached to the Declaration collectively as Exhibit A. The Firm will also use such other professionals as it deems necessary.

18. There is no agreement between the Firm and any other entity for the sharing of compensation to be received for services rendered in connection with the case, except among the partners and attorneys of the Firm.

WHEREFORE, the Committee requests that this Court approve the employment of the Firm, *nunc pro tunc*, to October 23, 2013, as its bankruptcy counsel, to render services as described above with compensation to be paid as an administrative expense.

Dated: November 14, 2013

Committee Chair
By: _____
Shelly Todd
Quality Systems, Inc. and
NextGen Healthcare
1811 Von Karman Ave., Suite 700
Irvine, California 92612
888-757-7750 ext. 5660

6

DOCS_LA:272786.3 01082/001

Submitted by:

*/s/ Samuel R. Maizel*
Samuel R. Maizel
SAMUEL R. MAIZEL (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4003
Telephone: 310/277-6910
*Proposed Attorneys for Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, the Affidavit of Samuel R. Maizel, and Proposed Order were served via electronic and/or first class mail, postage prepaid this 19th day of November, 2013 upon the parties to be notified as provided by ECF upon the filing hereof.

*/s/ Samuel R. Maizel*
Samuel R. Maizel
SAMUEL R. MAIZEL (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4003
Telephone: 310/277-6910
*Proposed Attorneys for Official Committee of Unsecured Creditors*